**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  EDCV 10-00969 VAP(OPx)          Date:  February 4, 2011

Title: ROBIN BERKOFF, et al. -v- MASAI USA CORP. D/B/A MBT MASAI USA CORP., MASAI MARKETING & TRADING AG, AND DOES 1-100, INCLUSIVE
================================================================
PRESENT: HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS: MINUTE ORDER (1) ORDERING PLAINTIFF TO SHOW CAUSE; AND (2) CONTINUING HEARING ON MOTION TO DISMISS (IN CHAMBERS)

    Plaintiff Robin Berkoff ("Plaintiff") filed this putative class action on behalf of herself and others similarly situated on August 1, 2010.  (Doc. No. 1.)  Currently under submission are the Motions to Dismiss ("Motions") filed by Defendants Masai USA Corporation and Masai Marketing & Trading AG (collectively, "Defendants"). (Doc. Nos. 18, 26.)  In the Motions, Defendants seek dismissal of Plaintiff's Second Amended Complaint ("SAC"), filed on October 22, 2010.  (Doc. No. 15.)

**EDCV 10-00969 VAP(OPx)**
ROBIN BERKOFF, et al. v. MASAI USA CORP., et al.
MINUTE ORDER of February 4, 2011

     As a putative class action, this case is governed by Central District of California Local Rule 23.  See L.R. 23.  Under Local Rule 23-3, Plaintiff was required to file a motion for class certification within ninety days of filing this action.  L.R. 23-3 ("Within 90 days after service of a pleading purporting to commence a class action . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court.").  Plaintiff filed her original complaint ("Complaint") on August 1, 2010, asserting claims on behalf of a class.  (Doc. No. 1.)  Accordingly, under Local Rule 23-3, Plaintiff was required to file a motion for class certification by October 30, 2010.  Due to Plaintiff's failure to comply with Local Rule 23-3, the Court hereby ORDERS Plaintiff to show cause why the class allegations in the SAC should not be stricken.

     Federal courts are courts of limited jurisdiction that can exercise jurisdiction over civil claims only as directed by statute.  See 28 U.S.C. §§ 1331, 1332.  Plaintiff's stated basis for the Court's jurisdiction over this action is the Class Action Fairness Act of 2005 ("CAFA").  28 U.S.C. § 1332(d)(2) (granting jurisdiction over actions where "the matter in controversy exceeds the sum or value of $5,000,000" and it is a class action with minimal diversity between the parties).  Here, Plaintiff's two claims are for violations of state law: (1) deceptive advertising, in violation of the Unfair Business Practices Law, Cal. Bus. & Prof. Code § 17200, et seq.; and (2) violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq. (SAC ¶¶ 79-98.)  If the Court strikes Plaintiff's class allegations, this Court would no longer have jurisdiction over this action.  Accordingly, the Court ORDERS Plaintiff to show cause why this action should not be dismissed for lack of jurisdiction if Plaintiff's class allegations are stricken.

     Plaintiff must respond to this Order to Show Cause ("OSC") by February 14, 2011; Defendants should file a response, if any, by February 21, 2011.  The Court also CONTINUES the hearing on Defendants' Motions to Dismiss from February 14, 2011, at 2:00 p.m. to February 28, 2011, at 2:00 p.m.

     **IT IS SO ORDERED.**