David T. Biderman, Bar No. 101577
DBiderman@perkinscoie.com
Joren Bass, Bar No. 208143
JBass@perkinscoie.com
Euphemia N. Thomopulos, Bar No. 262107
EThomopulos@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:  415.344.7000
Facsimile:  415.344.7050

Attorneys for Defendants
MASAI USA CORP. d/b/a MBT MASAI USA
CORP., MASAI MARKETING & TRADING AG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE

| | |
|---|---|
| ROBIN BERKOFF, on behalf of herself, and all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>MASAI USA CORP. d/b/a MBT MASAI USA CORP., MASAI MARKETING & TRADING AG, and DOES 1-100, Inclusive,<br><br>Defendants. | Case No. EDCV 10-00969 VAP (OPx)<br><br><u>CLASS ACTION</u><br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Discovery Matter:  Assigned to the Honorable Oswald Parada |

## I.   PURPOSES AND LIMITATIONS

Defendants Masai USA Corp. ("Masai USA") and Masai Marketing & Trading AG ("Masai M&T") (together, "Masai" or "Defendants"), assert that disclosure and discovery proceedings in the above-captioned action are likely to involve production of confidential, proprietary, and private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Plaintiff Robin Berkoff does not challenge this assertion at this time.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section XIII.C, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5.1 and the Standing Order of Judge Virginia A. Phillips ("Standing Order") sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.   GOOD CAUSE STATEMENT

Defendants believe that good cause exists to enter this Stipulated Protective Order in order to protect confidential information from public disclosure.  That confidential information includes information and data that could be used by actual or potential competitors to gain an improper and unlawful competitive advantage in the marketplace.  For example, confidential information relevant to this action may include, among other things, scientific studies and analyses concerning the effectiveness of MBTs, Masai footwear; internal research and development regarding MBTs; details of Masai's development and manufacturing of its footwear; and sensitive pricing information, none of which is available to the

- 1 -

1  general public, including Masai's competitors.  This Stipulated Protective Order is

2  necessary to prevent harm to Defendants that will result if Masai's competitors in

3  this sector of the footwear market gain access to Masai's confidential, non-public

4  information.  Plaintiff Robin Berkoff does not challenge these assertions at this

5  time.  The Parties have attempted to draft this Stipulated Protective Order narrowly

6  and in a manner no more restrictive than necessary to protect confidential

7  information from public disclosure.

8  **III.   DEFINITIONS**

9        **A.**     Challenging Party: a Party or Non-Party that challenges the

10  designation of information or items under this Order.

11        **B.**     "CONFIDENTIAL" Information or Items: information (regardless of

12  how it is generated, stored or maintained) or tangible things that qualify for

13  protection under Federal Rule of Civil Procedure 26(c), including but not limited to

14  confidential trade secrets, research, design, development, financial, technical,

15  marketing, planning, personal, or commercial information, as such terms are used in

16  Rule 26(c)(1)(G) and California Civil Code section 3426.1 and any applicable case

17  law interpreting the same (or their predecessors).

18        **C.**     Designating Party: a Party or Non-Party that designates information or

19  items that it produces in disclosures or in responses to discovery as

20  "CONFIDENTIAL."

21        **D.**     Disclosure or Discovery Material: all items or information, regardless

22  of the medium or manner in which it is generated, stored, or maintained (including,

23  among other things, testimony, transcripts, and tangible things), that are produced

24  or generated in disclosures or responses to discovery in this matter.

25        **E.**     Expert: a person with specialized knowledge or experience in a matter

26  pertinent to the litigation who has been retained by a Party or its counsel to serve as

27  an expert witness or as a consultant in this action.

28

- 2 -

1    **F.**    Non-Party: any natural person, partnership, corporation, association, or

2    other legal entity not named as a Party to this action.

3    **G.**    Counsel of Record: attorneys who are not employees of a party to this

4    action but are retained to represent or advise a party to this action and have

5    appeared in this action on behalf of that party or are affiliated with a law firm which

6    has appeared on behalf of that party.

7    **H.**    Party: any party to this action, including all of its officers, directors

8    employees, consultants, retained experts, and Counsel of Record (and their support

9    staffs).

10    **I.**    Producing Party: a Party or Non-Party that produces Disclosure or

11    Discovery Material in this action.

12    **J.**    Professional Vendors: persons or entities that provide litigation

13    support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or

14    demonstrations, and organizing, storing, or retrieving data in any form or medium)

15    and their employees and subcontractors.

16    **K.**    Protected Material: any Disclosure or Discovery Material that is

17    designated as "CONFIDENTIAL."

18    **L.**    Receiving Party: a Party that receives Disclosure or Discovery

19    Material from a Producing Party.

20    **IV.    SCOPE**

21    The protections conferred by this Stipulated Protective Order cover not only

22    Protected Material (as defined above), but also (1) any information copied or

23    extracted from Protected Material; (2) all copies, excerpts, summaries, or

24    compilations of Protected Material; and (3) any testimony, conversations, or

25    presentations by Parties or their Counsel of Record that might reveal Protected

26    Material.  However, the protections conferred by this Stipulated Protective Order do

27    not cover the following information: (a) any information that is in the public

28    domain at the time of disclosure to a Receiving Party or becomes part of the public

domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## V.   DURATION

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall mean the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.   DESIGNATING PROTECTED MATERIAL

**A.**   <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for

- 4 -

1   protection do not qualify for protection, that Designating Party must promptly

2   notify every other Party that it is withdrawing the mistaken designation.

3        **B.**    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

4   this Order (*see, e.g.*, second paragraph of section VI.B.1 below), or as otherwise

5   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

6   under this Order must be clearly so designated before the material is disclosed or

7   produced.

8       Designation in conformity with this Order requires:

9        **1.**    <u>For information in documentary form</u> (*e.g.*, paper or electronic

10   documents, but excluding transcripts of depositions or other pretrial or trial

11   proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each

12   page that contains protected material.  If only a portion or portions of the material

13   on a page qualifies for protection, the Producing Party also must clearly identify the

14   protected portion(s) (*e.g.*, by making appropriate markings in the margins).

15       A Party or Non-Party that makes original documents or materials

16   available for inspection need not designate them for protection until after the

17   inspecting Party has indicated which material it would like copied and produced.

18   During the inspection and before the designation, all of the material made available

19   for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has

20   identified the documents it wants copied and produced, the Producing Party must

21   determine which documents, or portions thereof, qualify for protection under this

22   Order.  Then, before producing the specified documents, the Producing Party must

23   affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

24   If only a portion or portions of the material on a page qualifies for protection, the

25   Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making

26   appropriate markings in the margins).

27

28

1        **2.**    For testimony given in deposition or in other pretrial

2    proceedings, that the Designating Party identify on the record, before the close of

3    the deposition, hearing, or other proceeding, all protected testimony.

4        **3.**    For information produced in some form other than documentary

5    and for any other tangible items, that the Producing Party affix in a prominent place

6    on the exterior of the container or containers in which the information or item is

7    stored the legend "CONFIDENTIAL." If only a portion or portions of the

8    information or item warrant protection, the Producing Party, to the extent

9    practicable, shall identify the protected portion(s).

10       **C.**    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

11   failure to designate qualified information or items does not, standing alone, waive

12   the Designating Party's right to secure protection under this Order for such

13   material.  Upon timely correction of a designation, the Receiving Party must make

14   reasonable efforts to assure that the material is treated in accordance with the

15   provisions of this Order.

16   **VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

17       **A.**    Timing of Challenges.  Any Party may challenge a designation of

18   confidentiality at any time.  A Party does not waive its right to challenge a

19   confidentiality designation by electing not to mount a challenge promptly after the

20   original designation is disclosed.

21       **B.**    Meet and Confer.  The Challenging Party shall initiate the dispute

22   resolution process by providing written notice of each designation it is challenging

23   and describing the basis for each challenge.  To avoid ambiguity as to whether a

24   challenge has been made, the written notice must recite that the challenge to

25   confidentiality is being made in accordance with this specific paragraph of the

26   Protective Order.  The parties shall attempt to resolve each challenge in good faith

27   and must begin the process by conferring directly (in voice to voice dialogue; other

28   forms of communication are not sufficient) within 14 days of the date of service of

- 6 -

1    notice.  In conferring, the Challenging Party must explain the basis for its belief that

2    the confidentiality designation was not proper and must give the Designating Party

3    an opportunity to review the designated material, to reconsider the circumstances,

4    and, if no change in designation is offered, to explain the basis for the chosen

5    designation.  A Challenging Party may proceed to the next stage of the challenge

6    process only if it has engaged in this meet and confer process first or establishes

7    that the Designating Party is unwilling to participate in the meet and confer process

8    in a timely manner.

9        **C.**    Judicial Intervention.  If the Parties cannot resolve a challenge without

10   court intervention, the Designating Party shall file and serve a motion to retain

11   confidentiality within 21 days of the initial notice of challenge or within 14 days of

12   the parties agreeing that the meet and confer process will not resolve their dispute,

13   whichever is earlier.  Each such motion must be accompanied by a competent

14   declaration affirming that the movant has complied with the meet and confer

15   requirements imposed in the preceding paragraph.  Failure by the Designating Party

16   to make such a motion including the required declaration within 21 days (or 14

17   days, if applicable) shall automatically waive the confidentiality designation for

18   each challenged designation.  In addition, the Challenging Party may file a motion

19   challenging a confidentiality designation at any time if there is good cause for doing

20   so, including a challenge to the designation of a deposition transcript or any

21   portions thereof.  Any motion brought pursuant to this provision must be

22   accompanied by a competent declaration affirming that the movant has complied

23   with the meet and confer requirements imposed by the preceding paragraph.

24       The burden of persuasion in any such challenge proceeding shall be on the

25   Designating Party.  Unless the Designating Party has waived the confidentiality

26   designation by failing to file a motion to retain confidentiality as described above,

27   all parties shall continue to afford the material in question the level of protection to

28

- 7 -

1  which it is entitled under the Producing Party's designation until the Court rules on
2  the challenge.

3  **VIII. ACCESS TO AND USE OF PROTECTED MATERIAL**

4       **A.**    Basic Principles.  A Designating Party may use its own Protected
5  Material for any purpose.  A Receiving Party may use Protected Material that is
6  disclosed or produced by another Party or by a Non-Party in connection with this
7  case only for prosecuting (including on appeal), defending, or attempting to settle
8  this litigation.  Such Protected Material may be disclosed only to the categories of
9  persons and under the conditions described in this Order.  When the litigation has
10  been terminated, a Receiving Party must comply with the provisions of Section
11  XIV below (FINAL DISPOSITION).

12       Protected Material must be stored and maintained by a Receiving Party at a
13  location and in a secure manner reasonably calculated to ensure that access is
14  limited to the persons authorized under this Order.

15       **B.**    Disclosure of "CONFIDENTIAL" Information or Items.  Unless
16  otherwise ordered by the Court or permitted in writing by the Designating Party, a
17  Receiving Party may disclose any information or item designated
18  "CONFIDENTIAL" only to:

19       **1.**    the Receiving Party's Counsel of Record in this action, as well
20  as agents and employees of said Counsel of Record to whom it is reasonably
21  necessary to disclose the information for this litigation;

22       **2.**    the officers, directors, employees and agents of the Receiving
23  Party to whom disclosure is reasonably necessary for this litigation and who have
24  signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto
25  as Exhibit A;

26       **3.**    Experts (as defined in this Order) of the Receiving Party to
27  whom disclosure is reasonably necessary for this litigation and who have signed the
28  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4.     the Court and its personnel, who need not sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5.     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6.     during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

IX.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

**A.**     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

**B.**     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

**C.**     cooperate with respect to all reasonable procedures to preserve the confidentiality of the Protected Material sought to be pursued by the Designating Party whose Protected Material may be affected.

- 9 -

1    If the Designating Party timely seeks a protective order, the Party served with

2    the subpoena or court order shall not produce any information designated in this

3    action as "CONFIDENTIAL" before a determination by the Court from which the

4    subpoena or order issued, unless the Party has obtained the Designating Party's

5    permission.  The Designating Party shall bear the burden and expense of seeking

6    protection in that Court of its confidential material.  Nothing in this Stipulated

7    Protective Order shall be construed as authorizing, requiring or encouraging a Party

8    or Non-Party to disobey a lawful subpoena issued in another action or order from

9    another court.

10   **X.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
       **PRODUCED IN THIS LITIGATION**

11

12   **A.**    The terms of this Order are applicable to information produced by a

13   Non-Party in this action and designated as "CONFIDENTIAL."  Such information

14   produced by Non-Parties in connection with this litigation is protected by the

15   remedies and relief provided by this Order.  Nothing in these provisions should be

16   construed as prohibiting a Non-Party from seeking additional protections.

17   **B.**    In the event that a Party is required, by a valid discovery request, to

18   produce a Non-Party's confidential information in its possession, and the Party is

19   subject to an agreement with the Non-Party not to produce the Non-Party's

20   confidential information, then the Party shall:

21   **1.**    promptly notify in writing the Requesting Party and the Non-

22   Party that some or all of the information requested is subject to a confidentiality

23   agreement with a Non-Party;

24   **2.**    promptly provide the Non-Party with a copy of the Stipulated

25   Protective Order in this litigation, the relevant discovery request(s), and a

26   reasonably specific description of the information requested; and

27   **3.**    make the information requested available for inspection by the

28   Non-Party.

- 10 -

**C.**     If the Non-Party fails to object or seek a protective order from this Court within 7 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[1]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## XI.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery protocol or order that provides for production without prior privilege review.  Pursuant to Federal Rule of

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

- 11 -

1   Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of
2   disclosure of a communication or information covered by the attorney-client
3   privilege or work product protection, the parties may incorporate their agreement in
4   the Stipulated Protective Order submitted to the Court.

5   **XIII. MISCELLANEOUS**

6       **A.**   Right to Further Relief.  Nothing in this Stipulated Protective Order
7   abridges the right of any person to seek its modification by the Court in the future.

8       **B.**   Right to Assert Other Objections.  By stipulating to the entry of this
9   Stipulated Protective Order no Party waives any right it otherwise would have to
10  object to disclosing or producing any information or item on any ground not
11  addressed in this Stipulated Protective Order.  Similarly, no Party waives any right
12  to object on any ground to use in evidence of any of the material covered by this
13  Stipulated Protective Order.

14      **C.**   Filing Protected Material.  Without written permission from the
15  Designating Party or a court order secured after appropriate notice to all interested
16  persons, a Party may not file in the public record in this action any Protected
17  Material.  A Party that seeks to file under seal any Protected Material must comply
18  with Civil Local Rule 79-5.1 and the Standing Order.  Protected Material may only
19  be filed under seal pursuant to a court order authorizing the sealing of the specific
20  Protected Material at issue.  If a Receiving Party's request to file Protected Material
21  under seal is denied by the Court, then the Receiving Party may file the information
22  in the public record unless otherwise instructed by the Court.

23  **XIV. FINAL DISPOSITION**

24      Within 60 days after the Final Disposition of this action, as defined above,
25  each Receiving Party must return all Protected Material to the Producing Party or
26  destroy such material.  As used in this subdivision, "all Protected Material"
27  includes all copies, abstracts, compilations, summaries, and any other format
28  reproducing or capturing any of the Protected Material.  Whether the Protected

- 12 -

1   Material is returned or destroyed the Receiving Party must submit a written

2   certification to the Producing Party (and, if not the same person or entity, to the

3   Designating Party) by the 60 day deadline that (1) identifies (by category, where

4   appropriate) all the Protected Material that was returned or destroyed and (2)

5   affirms that the Receiving Party has not retained any copies, abstracts,

6   compilations, summaries or any other format reproducing or capturing any of the

7   Protected Material.  Notwithstanding this provision, Counsel of Record are entitled

8   to retain an archival copy of all pleadings, motion papers, trial, deposition, and

9   hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

10  expert reports, attorney work product, and consultant and expert work product, even

11  if such materials contain Protected Material.  Any such archival copies that contain

12  or constitute Protected Material remain subject to this Protective Order as set forth

13  in Section V (DURATION).

14  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

15

16  DATED:  November 30, 2011          **PERKINS COIE LLP**

17

18                                     By:_____/s/ Joren S. Bass_____
                                               Joren Bass
19
                                       Attorneys for Defendants
20                                     MASAI USA CORP. d/b/a MBT MASAI
                                       USA CORP., MASAI MARKETING &
21                                     TRADING AG

22  DATED:  November 30, 2011          **RAY A. MANDLEKAR, ATTORNEY
                                       AT LAW**
23

24                                     By:_____/s/ Ray A. Mandlekar_____
                                               Ray A. Mandlekar
25

26                                     Attorney for Plaintiff ROBIN BERKOFF,
                                       on behalf of herself and all others similarly
27                                     situated, and the general public

28
                                           - 13 -

1   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3   DATED: _11/30/11_

4

5                                   OSWALD PARADA

                                    UNITED STATES

6                                    MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. EDCV 10-00969 VAP (OPx)

# EXHIBIT "A"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE

ROBIN BERKOFF, on behalf of
herself, and all others similarly
situated, and the general public,

Plaintiff,

v.

MASAI USA CORP. d/b/a MBT
MASAI USA CORP., MASAI
MARKETING & TRADING AG, and
DOES 1-100, Inclusive,

Defendants.

Case No. EDCV 10-00969 VAP (OPx)

CLASS ACTION

**ACKNOWLEDGMENT AND
AGREEMENT TO BE BOUND BY
STIPULATED PROTECTIVE
ORDER**

I have reviewed the Stipulated Protective Order in the above-captioned

action. I understand its terms and agree to be fully bound by them and hereby

submit to the jurisdiction of the United States District Court for the Central District

of California for purposes of enforcement of this Agreement.

DATED:_____

_____
(Name)
(Title)
(Address)
(Address)
(Phone Number)

69070-0003/LEGAL21167784

- 1 -

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
BY STIPULATED PROTECTIVE ORDER
Case No. EDCV 10-00969 VAP (OPx)